UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Lisa A. Biron, | Case No. 19-cv-898 (SRN/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Nanette Barnes, | |
| Respondent. | |

---

This matter comes before the undersigned United States Magistrate Judge upon routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636.

Petitioner Lisa A. Biron, a prisoner at the Federal Correctional Institution in Waseca, Minnesota, began this action by filing a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Petition [Docket No. 1]). Biron's current claims for relief, however, cannot properly be addressed or decided in a habeas corpus action.

Biron asserts that a condition of her supervised release—specifically, a ban on communications with her daughter—is being imposed on her impermissibly while she is serving her prison sentence. (See, Petition, [Docket No. 1], at 1–2). She asks the Court to "order [Respondent] to cease the imposition of the terms of [Biron's] supervised release." Id. at 2. This relief, however, is not available in a federal habeas corpus action.

It is well settled that the federal habeas corpus statutes provide a remedy for prisoners challenging the fact or duration of their confinement—not their conditions of confinement. See, Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996). As the Court of Appeals for the Eighth Circuit has explained,

> If the prisoner is not challenging the validity of [her] conviction or the length of [her] detention, . . . then a writ of habeas corpus is not the proper remedy. . . . Where petitioner seeks a writ of habeas corpus and fails to attack the validity of [her] sentence or the length of [her] state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (citation omitted); see also, Spencer v. Haynes, 774 F.3d 467, 469–70 (8th Cir. 2014) (citing Kruger).

In the present case, Biron is not challenging the validity of her conviction or the length of her sentence; she challenges only how she is being treated during her confinement. Because Biron challenges her conditions of confinement, rather than the fact or duration of her confinement, she cannot bring her claims under the federal habeas corpus statutes.

This is not to say that Biron lacks legal recourse for the type of claim she is trying to raise. If she believes that her rights under federal law or the Constitution have been violated by someone acting under color of federal law, she may be entitled to seek relief in a non-habeas civil action. Under certain circumstances, it is even possible to convert or construe a habeas petition into a non-habeas civil action. For at least two reasons, however, the Court will not in the present case recommend that Biron's present Petition be construed as or converted to a non-habeas civil action.

First, Biron has not paid the proper filing fee for a non-habeas civil action. While the filing fee for a § 2241 habeas petition is only $5.00, the filing fee for a non-habeas civil action is $400.00. 28 U.S.C. § 1914(a). In the present case, Biron has paid only the $5.00 filing fee for a habeas-corpus action.[1]

---

[1] Biron may be able to avoid prepaying the entire filing fee, if she applies for, and is granted, leave to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915. Even if she is granted IFP status, however, she will still have to satisfy the initial-partial-filing-fee requirements prescribed by § 1915(b)(1), and she will ultimately have to pay the full remaining balance in installments pursuant to § 1915(b)(2).

2

Aside from the filing-fee issue, Biron's habeas corpus Petition is simply not substantively readily convertible to a civil complaint. The current pleading was not submitted on the form prescribed for prisoner civil-rights actions, see, Local Rule 9.3, and it does not conform to the pleading requirements set forth at Federal Rules of Civil Procedure 8–11. Furthermore, and perhaps most importantly, it is not self-evident that the Respondent named in the current pleading would necessarily be the proper defendant in a non-habeas civil complaint.

Thus, the Court concludes that it would not be appropriate to "convert" Petitioner's current habeas Petition into a non-habeas civil complaint. Instead, the Court recommends that the Petition be **dismissed without prejudice** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts.[2]

Therefore, based upon all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Lisa A. Biron's habeas corpus Petition, [Docket No. 1], be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; and

2. The present case be **DISMISSED**.

Dated: May 15, 2019                         s/ Leo I. Brisbois_____
                                            Hon. Leo I. Brisbois
                                            United States Magistrate Judge

---

[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Biron seeks relief under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases still apply here. See, Rule 1(b).

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).